**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

October 9, 2024

## LETTER ORDER

Re: <u>The Estate of Carlos Borroto, et al. v. CFG Health Systems, LLC, et al.</u>
Civil Action No. 19-17148 (MCA)

Dear Counsel:

Presently before the Court is a motion by Defendants CFG Health Systems, LLC ("CFG") and Samonte Sofrado ("Sofrado") (collectively, the "Moving Defendants") seeking leave to file an amended answer with cross-claims. *See* Dkt. No. 99. Defendants County of Hudson, Ronald P. Edwards and Dorothea Kalinisan (the "County Defendants") oppose the motion. *See* Dkt. No. 100. The Moving Defendants replied. *See* Dkt. No. 101. For the reasons set forth below, the Moving Defendants' motion to amend [Dkt. No. 99] is **DENIED**.

Federal Rule of Civil Procedure 16 "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b), Advisory Committee's n. on 1983 amendment; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a

heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the "good cause" requirement of Rule 16(b)(4) to amend the Rule 16 Scheduling Order and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); Fed. R. Civ. P. 16(b)(4). Although motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15, "Rule 16 serves as a threshold or gateway [and] only after a party has shown good cause under Rule 16 does the Court turn to Rule 15(a) and consider whether the party's motion to amend its pleading is appropriate under that standard." *Doe v. Hosp. of Univ. of Pennsylvania*, No. 19-2881, 2021 WL 2671791, at *7 (E.D. Pa. June 29, 2021) (citation omitted).

    The good cause standard is "not a low threshold." *J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, No. 89-1701, 1992 WL 183712 (D.N.J. July 20, 1992). As a result, permitting discovery extensions in the absence of good cause would "deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets." *Koplove v. Ford Motor Corp.*, 795 F. 2d 15, 18 (3d Cir. 1986). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *see also* Fed. R. Civ. P. 16, Advisory Committee's n. on 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e have repeatedly recognized—and we reaffirm today—that whether

'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). If the moving party "knows or is in possession of the information that forms the basis of the later motion to amend" before the deadline has passed, "the party is presumptively not diligent." *Price*, 737 F. Supp. 2d at 280.

The Moving Defendants claim their motion to amend is proper because under the Federal Rules of Civil Procedure, Rule 15(a) in particular, leave is freely given to amend the pleadings. *See* Moving Defs. Br. at pp.13-14, Dkt. No. 98. On January 27, 2020, the Court entered its pretrial scheduling order in this matter, setting the deadline for motions to amend the pleadings to May 8, 2020. *See* Dkt. No. 17 at ¶ 16. No request for extension of that deadline was made by any party and it has since expired. Because the Moving Defendants' present motion to amend was filed on April 29, 2024, nearly four years after expiration of the deadline, Rule 16 governs the Moving Defendants' motion to amend and the Moving Defendants must demonstrate good cause under Rule 16 "before [the Court] considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319.

Despite being well past the May 8, 2020 deadline for amending pleadings set by the Court, the Moving Defendants argue that so long as there is no "undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted." Moving Defs. Br. at p. 13 (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). But where, as here, a party moving to amend "fails to even discuss due diligence, relying instead on Rule 15(a)," that party "utterly fails to establish good cause for leave to file [an amended answer]" and leave to amend is properly denied. *Premier Comp Sols., LLC v. UPMC Health Network, Inc.*, No. 15-703, 2017 WL 11680911, at *2 (W.D. Pa. Sept. 26, 2017), *aff'd*, *Premier Comp Sols., LLC*, 970 F.3d at 316. As such, in the interests of reaching a final resolution of this matter, the Court is "entitled to find

3

[the Moving Defendants] forfeited [their] argument under Rule 16(b)(4)" because their moving brief "relied solely on Rule 15(a)." *Premier Comp Sols., LLC*, 970 F.3d at 319.

Indeed, the Moving Defendants fail to explain how Rule 16's good cause requirement has been met. Instead, the Moving Defendants contend that, if granted leave to amend, their amended answer would assert the same cross-claims asserted by the County Defendants at the outset of this litigation. Moving Defs. Br. at p. 14. Once again, a finding of good cause depends on an assessment of the Moving Defendants' "diligence." *Morel v. Goya Foods, Inc.*, No. 20-5551, 2022 WL 3369664, at *2 (D.N.J. Aug. 16, 2022); *see Konopca v. FDS Bank*, No. 15-1547, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016) (holding that to demonstrate good cause, the movant must show that greater diligence was "impossible"). Here, the Moving Defendants clearly knew of the County Defendants' cross-claims since 2019 when they were filed. *See* Dkt. No. 10. The Moving Defendants could have foreseen that allocation of fault would become a later issue, and at no time did the Moving Defendants request an extension of the applicable deadline. Thus, having for years been in "possession of the information that forms the basis of [this] motion to amend . . . the [Moving Defendants] [are] presumptively not diligent." *Price*, 737 F. Supp. 2d at 280. In light of the foregoing, the Court finds that the Moving Defendants' motion fails to establish good cause under Rule 16 and also fails based on undue delay under Rule 15. Therefore, the Moving Defendants' motion for leave to file an amended answer [Dkt. No. 99] is **DENIED**.

**IT IS SO ORDERED.**

    /s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**